# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| SABRINA MAYFIELD | * | CIVIL ACTION NO.  15-0626 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| O S RESTAURANT SERVICE, LLC | * | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

On May 16, 2016, counsel for plaintiff Sabrina Mayfield filed a motion to withdraw as counsel.  [doc. # 23].  On May 18, 2016, the court granted the motion, and accorded the plaintiff 30 days in which to enroll new counsel or to advise the court, in writing, that she intended to proceed pro se.  (May 18, 2016, Order [doc. # 24]).  The Clerk of Court sent plaintiff a copy of the order to Post Office Box 509*6*, Monroe, LA 71211, as identified in paragraph *three* of the motion to withdraw as counsel.  [doc. # 23].  However, plaintiff's last known address is Post Office Box 509*2*, Monroe, LA 71211, as specified in paragraph *four* of the motion.  *Id.*[1]  Thus, plaintiff apparently never received a copy of the court's May 18 order.  *See* doc. # 25 (mail returned as undeliverable).

Accordingly, on July 12, 2016, the court directed the Clerk of Court to correct plaintiff's address on the docket sheet, and to re-send plaintiff a copy of [doc. # 24] to her updated address and to her alternate address of 572 Randy Road, West Monroe, LA 71291.  (July 12, 2016, Order [doc. # 26]).  The court also granted plaintiff an additional 30 days in which to enroll new

---

[1]  Court staff confirmed with plaintiff's former counsel that the post office box referenced in paragraph three was a typographical error.

counsel on her behalf, or to notify the court, in writing, that she intended to represent herself in the matter. *Id*. The court cautioned, however, that her un-excused failure to so comply may result in dismissal of the case, Fed.R.Civ.P. 41(b). *Id*. The latest deadline has since passed, without any response from plaintiff.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating

2

factors:  "(1) delay caused by [the] plaintiff h[er]self and not h[er] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  As discussed above, plaintiff has ignored more than one court order.  Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that she no longer wishes to pursue her cause of action.[2]  Finally, plaintiff's unrepentant flaunting of court orders[3] reflects her own contumaciouness or "stubborn resistance to authority"[4] which is personally attributable to her as a litigant unrepresented by counsel.[5]

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's complaint be DISMISSED, with prejudice, in accordance with the provisions of Fed.R.Civ.P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or

---

[2]  Certainly, if plaintiff disputes this inference, she may so demonstrate in her objection to the instant report and recommendation.

[3]  This report and recommendation itself provides plaintiff with further notice of her non-compliance.

[4]  *See Millan, supra*.

[5]  While the court is aware that plaintiff is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

3

response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 23rd day of August 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE